# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS BOES,
Appellant,
vs.
LEINAALA BOES, N/K/A LEINAALA
PABLO,
Respondent.

No. 78198

FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from a district court order denying a motion to modify child custody. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

Appellant Thomas Boes and respondent Leinaala Boes are the parents of two minor children. At the time of the parties' divorce, Leinaala lived in Las Vegas with their children and Thomas was enlisted in the Navy and stationed in San Diego. In anticipation of Thomas's relocation to Las Vegas, the parties attended mediation and executed a parenting agreement in June 2018. The document expressly contemplated Thomas's return to the jurisdiction and increased Thomas's custodial time, but maintained Leinaala as primary physical custodian. This agreement also included a restrictive provision, providing that "[t]he parties agree not to pursue changes to this [p]arenting [a]greement prior to August, 2020."

Following Thomas's return to Las Vegas, Thomas filed a motion to modify the primary physical custody arrangement to joint physical custody on the basis that his return to the jurisdiction, among other allegations, constituted substantial change affecting the children's best interests. Leinaala opposed the motion and requested that the court enforce

19-44854

the June 2018 parenting agreement and adopt it as an order of the court. The district court denied Thomas's motion, finding that he failed to establish a substantial change in circumstances to warrant modification of the custody arrangement provided for in the parties' June 2018 parenting agreement. At the hearing on Thomas's motion, the court appeared to find that the restrictive provision in which the parties agreed not to seek modification before 2020 was unenforceable as a matter of public policy, but it rejected Thomas's argument that the provision rendered the entire agreement invalid and unenforceable. Nevertheless, the district court neither approved nor adopted the parenting agreement as an order of the court.

Thomas appeals the denial, arguing that the district court erred by failing to invalidate the June 2018 parenting agreement for violating public policy and giving preclusive effect to the non-judicially approved parenting agreement. This court encourages the voluntary resolution of child custody matters. *Rennels v. Rennels*, 127 Nev. 564, 569, 257 P.3d 396, 399 (2011). Accordingly, parties may freely agree to child custody arrangements. *Rivero v. Rivero*, 125 Nev. 410, 429, 216 P.3d 213, 227 (2009). That said, this court places three limitations on the enforceability of such agreements. First, courts will not enforce a child custody agreement if it is "unconscionable, illegal, or in violation of public policy." *Id.* Second, courts must apply Nevada child custody law, in place of the parties' definitions, "once [the] parties move the court to modify an existing child custody agreement." *Id.* Third, this court only recognizes the preclusive effect of *final* child custody agreements. *Rennels*, 127 Nev. at 569, 257 P.3d at 399. An order is final if it fully resolves the issues between the parties, whether achieved through litigation or "a stipulated agreement between the

parties that is later judicially approved." *Id.* at 569-70, 257 P.3d at 399-400. Notwithstanding the rights of parties to contract child custody matters, a court may modify a child custody order at any time. NRS 125C.0045(1).

We conclude that the restrictive provision in the June 2018 parenting agreement violates public policy and is therefore unenforceable. *See Rivero*, 125 Nev. at 429, 216 P.3d at 227 (stating that a child custody agreement that violates public policy is unenforceable). The district court appeared to agree at the hearing, but nevertheless failed to incorporate a ruling on the provision's enforceability into its written order. Although Thomas argues that the district court should have invalidated the entire parenting agreement as a result, in the absence of a written order adopting or rejecting the agreement, we decline to decide that issue in the first instance and leave that decision to the district court on remand.

We also conclude that the district court abused its discretion by giving preclusive effect to the June 2018 parenting agreement without expressly adopting it as an order of the court. *See Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 241-42 (2007) (recognizing that this court reviews orders resolving motions to modify custody for an abuse of discretion and will uphold the district court's determination if it is supported by substantial evidence). The district court precluded Thomas from arguing that his return to the jurisdiction constituted a substantial change in circumstances because the parenting agreement considered the same. *See id.* at 150, 161 P.3d at 242 ("[A] modification of primary physical custody is warranted only when (1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification."). We hold that the district court's reliance on the parenting agreement's triggering event, without expressly

adopting the agreement, was improper. The district court should have ruled on the enforceability of the parenting agreement before reaching the merits of Thomas's motion.

Thomas also raises arguments concerning the district court's failure to grant an evidentiary hearing. Because we vacate the district court's order and remand with instruction to rule on the enforceability of the June 2018 parenting agreement before reconsidering Thomas's motion, we decline to address these arguments in the first instance. However, we are nevertheless troubled by the district court's lack of factual findings in the record before us. We therefore remind the district court of its obligation to make such findings. *See Davis v. Ewalefo*, 131 Nev. 445, 452, 352 P.3d 1139, 1143 (2015) (observing that "[s]pecific findings and an adequate explanation of the reasons for the custody determination are crucial to enforce or modify a custody order and for appellate review. Without them, this court cannot say with assurance that the custody determination was made for appropriate legal reasons" (internal quotation marks and citation omitted)).

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.      _____, J.
Stiglich                       Silver

cc: Hon. Linda Marquis, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Leavitt Law Firm
McFarling Law Group
Eighth District Court Clerk